UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL KNEITEL/ DIN # 02 A 6290,
       Plaintiff,    TRIAL BY JURY DEMAND

               YES XXX  NO____

  -against-

              05-CV-0030

GEORGE E. PATAKI, GLENN S. GOORD,
RICHARD D. ROY, ANTHONY J. ANNUCCI,
DEBRA R. JOY, BARBARA KING,
MICHAEL T. McHALE, ANNE BYERWALTERS
a.k.a. ANNE JOSLYN
       Defendant(s).

               JAN 10 2005

Plaintiff(s) in the above-captioned action, allege(s) as follows:

JURISDICTION.

This is a civil action seeking relief and/ or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. §1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§1331, 1343(3) and (4) and 2201.

I. PREVIOUS LAWSUITS.

  A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?
    YES (XX) NO ( ).

B.  If your answer to A is YES, describe the lawsuit. If there is more than one lawsuit, describe the additional lawsuits.

i. 1.   Parties to this previous lawsuit:

   Plaintiffs: **MICHAEL KNEITEL**

   Defendants: **GLENN S. GOORD**

2.   Court (if federal court, name the district; if state court, name the county)

   **SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ALBANY.**

3.   DOCKET NUMBER:

   **2352-2003.**

4.   Name of Judge to whom case was assigned:

   **HONORABLE JOSEPH R. CANNIZZARO.**

5.   Disposition:

   **THE CASE WAS DECIDED IN FAVOR OF PLAINTIFF.**

6.   Approximate date of filing lawsuit:

   **MARCH 15, 2003.**

7.   Approximate date of disposition:

   **DECEMBER 15, 2003.**


ii. 1.   Parties to the previous lawsuit:

   Plaintiffs: **MICHAEL KNEITEL**

   Defendants: **GLENN S. GOORD**

2.   Court (if federal court, name the district; if state court, name the county)

   **SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF ALBANY.**

3.   DOCKET NUMBER:

   **3670-2004.**

4. Name of Judge to whom case was assigned:

   **HONORABLE JOSEPH R. CANNIZZARO.**

5. Disposition:

   **TO-DATE, THERE HAS BEEN NO DISPOSITION REPORTED. ACCORDINGLY, THE MATTER WILL BE RENDERED MOOT BY JANUARY 4, 2004. HENCE, PLAINTIFF WITHDREW THE APPLICATION FOR RELIEF UNDER THE NEW YORK STATE CIVIL PRACTICE LAW AND RULES § 7801 TO REMOVE ANY PROCEDURAL BARS FROM PROCEEDING UNDER TITLE 42 § 1983.**

6. Approximate date of filing lawsuit:

   **JUNE 16, 2004.**

7. Approximate date of disposition:

   **NO DISPOSITION REPORTED.**

   II. PLACE OF PRESENT CONFINEMENT.

   **MID-STATE CORRECTIONAL FACILITY
   POST OFFICE BOX 2500
   MARCY, NEW YORK 13403-2500**

A. Is there a prisoner grievance procedure in this institution? YES (**XX**) NO ( ).

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure? YES ( ) NO (**XX**).

C. IF you answer NO, explain why not:

   **ADMINISTRATIVE DECISIONS (i.e. Temporary Release Decisions), ARE NOT WITHIN THE PURVIEW OF THE STATE PRISONER GRIEVANCE PROCEDURE. HENCE, THESE ISSUES ARE NOT GRIEVABLE THROUGH THE STATE PRISONER GRIEVANCE PROCEDURE.**

## III. PARTIES.

A.   Plaintiff:   **MICHAEL KNEITEL.**
     Address:  Mid-State Correctional Facility
     Post Office Box 2500
     Marcy, New York 13403-2500

B.   Defendant: GEORGE E. PATAKI, is employed as the Governor by the State of New York at the State of New York, Executive Chamber, State Capitol, Albany, New York 12224.

C.   Defendant: GLENN S. GOORD, is employed as the Commissioner of the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

D.   Defendant: RICHARD D. ROY, is employed as the Associate Commissioner/ Inspector General by the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

E.   Defendant: ANTHONY J. ANNUCCI, is employed as Deputy Commissioner/ Counsel by the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

F.   Defendant: DEBRA R. JOY, is employed as the Director of Temporary Release Programs by the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

G.   Defendant: BARBARA KING, is employed as a Central Office Reviewer by the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

H.   Defendant: MICHAEL T. McHALE, is employed as a Central Office Reviewer by the State of New York Department of Corrections at the Harriman State Campus Building #2, Albany, New York 12226-2050.

I.   Defendant: ANNE BYERWALTERS a.k.a. ANNE JOSLYN, is employed as Senior Corrections Counselor/ Chairperson of the Temporary Release Committee at Mid-State Correctional Facility at Post Office Box 216, River Road, Marcy, New York 13403-0216 which; is under the control of the State of New York Department of Corrections at the Harriman State Campus Building #2, 1220 Washington Avenue, Albany, New York 12226-2050.

## LIST OF DEFENDANTS.

1. **Mr. George E. Pataki**
   Executive Chamber
   The Capitol
   Albany, New York 12224

2. **Mr. Glenn S. Goord**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

3. **Mr. Richard D. Roy**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

4. **Mr. Anthony J. Annucci**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

5. **Ms. Debra R. Joy**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

6. **Ms. Barbara King**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

7. **Mr. Michael T. McHale**
   State of New York Department of Corrections
   The Harriman State Campus Building #2
   1220 Washington Avenue
   Albany, New York 12226-2050

8. **Ms. Anne Byerwalters a.k.a. Anne Joslyn**
   Mid-State Correctional Facility
   Post Office Box 216, River Road
   Marcy, New York 13403-0216

## IV. STATEMENT OF CLAIM.

### Preliminary Statement

Plaintiff, **Mr. MICHAEL KNEITEL**, DIN # 02 A 6290, a prisoner in the custody and control of the State of New York Department of Corrections, was found guilty after a trial by jury of Criminal Possession of a Weapon in the Second Degree pursuant to Penal Law §265.03 (2) inter alia other criminal charges and, sentenced to a determinate term of three and one half (3½) years by Supreme Court Justice Albert Tomei (Kings County) on or about the 14 day of November 2002.

On or about the 4 day of December 2002, Plaintiff received a missive from Supreme Court Justice Albert Tomei which states in part:

> "The facts of your case did not involve any accusation that you actually used the weapon in a dangerous manner, caused injury to anyone or threatened to do so. The gun was recovered in your bedroom during a search."

Those are the undisputed particulars of the criminal case which, establishes that plaintiff did not use or threaten to use the weapon in question, cause any injury, or threaten to cause any injury to anyone.

On or about the 4 day of January 2003, to December 15, 2003, Plaintiff tendered Justice Tomei's missive, above-mentioned, to each and every defendant listed in the above-captioned title for the purposes of establishing plaintiff's eligibility to the Temporary Release/ Work Release Program pursuant to Title 7 of the Official Compilation of New York Codes Rules and Regulations Section 1900.4 (c)(1)(iii) [hereinafter referred to as 7 NYCRR §1900.4 (c)(1)(iii)], which provides:

> "A person who can provide the TRC chairperson with a court-generated document or document generated by the Office of the District Attorney which establishes that his/her current commitment is for a subdivision of one of the above-listed crimes (e.g. CPW 2°, Penal Law §265.03) which did not involve either the use or threatened use of a deadly weapon or dangerous instrument or the infliction of serious physical injury as defined in the Penal Law, shall be otherwise eligible for temporary release."

Despite plaintiff tendering Justice Tomei's missive, which is in full satisfaction and compliance with 7NYCRR §1900.4 (c)(1)(iii), each and every defendant named in the above-captioned title; denied plaintiff's eligibility to the temporary release/ work release program, thereby, inflicting physical and emotional

distress; while depriving plaintiff of his constitutional rights to due-process and equal protection under the laws.

Plaintiff moved pursuant to the State of New York Civil Practice Laws and Rules Section 7801 for a judgment against defendants and, on or about the 15 day of December 2003, Supreme Court Justice Joseph R. Cannizzaro (Albany County) provides in part:

> "Inasmuch as respondent has not followed its own regulations by taking into consideration Justice Tomei's letter in regards to petitioner's eligibility for temporary release, the Court finds that respondent's determinations that petitioner is ineligible to participate must be reversed and vacated."-Cannizzaro, JSC.

Defendant's did not appeal the decision of the Court and, brought plaintiff before the temporary release committee. However, in the process, violated a panoply of laws, rules and regulations designed to protect plaintiff's rights to due process and equal protection under the laws. Subsequently, plaintiff was deprived of his rights to due-process and equal protection under the laws, denied participation in the temporary release program; thereby, resulting in physical and emotional distress on plaintiff.

On or about the 18 day of May 2004, plaintiff submitted in support of reconsideration of his application to temporary release another letter from Supreme Court Justice Tomei (Kings County) which provides in part:

> "The Defendant was never alleged to have used the weapon in a dangerous manner, caused injury to anyone with it, or threatened to do so. I presided at the defendant's trial and am fully aware of the facts of this case. I have no objection to the defendant's participation in the Temporary Release/ Work Release Program."

Plaintiff submitted a letter from Dr. Richard L. Weidenbacher Jr. M.D., who prepared a pre-sentence investigation report in aid of sentence which provides in part:

> "I understand that you have filed application for Temporary Release-Work Release, and that you hope I may be able to recommend your participation in the program, based on my professional aquaintance with you two years ago. I have reviewed the report I sent Kings County Supreme Court following court-ordered psychiatric evaluation in aid of sentence on August 1, 2002. I do indeed recommend your participation in the program."

On or about the 1 day of June 2004, defendants failed to follow the law once again and, subsequently denied plaintiff reconsideration to the program with only six months left to his release date. In the process, defendants deprived plaintiff of his due process and equal protection under the laws, while inflicting physical and emotional distress on plaintiff.

On or about the 12 day of November 2004, plaintiff again asked for reconsideration due to mitigating circumstances and family hardship. Defendant's once again failed to follow the law and, subsequently denied plaintiff reconsideration to the program despite plaintiff's approval by the Time Allowance Committee for good time release, approval for release by the New York State Division of Parole and, release in less than forty (40) days. Hence, inflicting physical and emotional distress.

**CLAIM # 1.**

On or about the 1 day of March 2003, and continuing to the present, in Albany, New York, State of New York Governor **GEORGE E. PATAKI**, in his individual and official capacity, while acting under the color of state law, intentionally and deliberately deprived plaintiff of the right to due process and equal protection under the laws. Furthermore, defendant Pataki, deliberately acted in a manner designed to inflict either physical or emotional distress on the plaintiff. Defendant Pataki was made aware and, refused to act on the specific facts of the instant case alleging illegal and injurious conduct by various government officials under his authority. Moreover, defendant Pataki, implemented an administrative policy which is contrary to the established law and, has rendered the Temporary Release/ Work Release approval process in the instant case, useless and illusory. Said policy directs the State of New York Department of Corrections to bar plaintiff from participating in the Temporary Release/ Work Release Program, despite plaintiff's obvious eligibility and, for no lawful reason. Hence, defendant George E. Pataki deprived plaintiff of the rights to due process and equal protection under the laws which are guaranteed every citizen (incarcerated or not) under the United States Constitution and, has acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM # 2.**

On or about the 5 day of December 2002, and extending to the present, in Albany, New York, State of New York Department of Corrections Commissioner **GLENN S. GOORD**, in his individual and official capacity, while acting under the color of state law, was made aware and was aware of the illegal and injurious actions of his subordinates which; deprived plaintiff of his right to due process and equal protection under the laws and, was designed to inflict physical and emotional distress on plaintiff. As the "final authority" within the department, defendant Goord condoned each and every deliberate, intentional

and, injurious act which deprived plaintiff of his right to due process and equal protection under the law and, inflicted physical and emotional distress. In his capacity as commissioner of the Department of Corrections, defendant Goord, is vested with the authority to promulgate the rules and regulations which govern the temporary release process and to ensure that those rules are followed. In the instant case, defendant Glenn S. Goord, sat idly by after being informed about the panoply of statutory violations and deprivation of rights by his subordinates. Therefore, defendant Glenn S. Goord has deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the United States Constitution and, acted in a manner designed to inflict physical and emotional distress upon plantiff.

**CLAIM # 3.**

On or about the 17 day of March 2004, and extending to the present, in Albany, New York; Associate Commissioner/ Inspector General **RICHARD D. ROY**, in his individual and official capacity, while acting under the color of state law, intentionally deprived plaintiff of his rights to due process and equal protection under the laws by failing to discharge the duties of his office by investigating plaintiff's allegations that members of the Department of Corrections violated a panoply of specific statutory rights due plaintiff. Instead of discharging the sworn obligations of his office and, to ensure that the law is adhered, defendant Roy; rubber-stamped the improprieties and misfeasance of the Department of Corrections. Therefore, defendant Roy, has deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the Constitution of the United States and by his inaction, deliberately inflicted physical and emotional distress upon plaintiff.

**CLAIM # 4.**

On or about the 12 day of March and the 19 day of April 2003, in Albany, New York; Deputy Commissioner/ Counsel **ANTHONY J. ANNUCCI**, in his individual and official capacity, while acting under the color of state law, deprived plaintiff of his right to due process and equal protection under the laws and, acted in a manner designed to inflict physical and emotional distress. Plaintiff contacted defendant requesting the issuance of a violent felony offender override (hereinafter referred to as a VFO), which would render plaintiff an eligible candidate for the work release program. Defendant, was bound under the duties as Counsel, to authorize and issue a VFO or, in the alternative, advise the appropriate department that; issuance of a VFO is warranted since plaintiff had tendered Supreme Court Justice Tomei's court-generated document in full satisfaction of title 7 of the New York State Official Compilation of Rules and Regualtions. Instead, defendant denied plaintiff a VFO based upon purely ficticious information and, a blatant disregard of the law. Therefore, defendant Annucci has deprived plaintiff

of his rights to due process and equal protection under the laws which are guaranteed by the Constitution of the United States and, acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM # 5.**

On or about the 24 day of December 2002, and extending to the present, in Albany, New York; Director **DEBRA R. JOY**, in her individual and official capacity, while acting under the color of state law, deliberately violated plaintiff's right to due process and equal protection under the law and, acted in a manner designed to inflict physical and emotional distress. Defendant Joy, on a myriad of occasions, denied plaintiff consideration to the Temporary Release/ Work Release Program, despite plaintiff's obvious eligibility under the laws. Defendant Joy, has consistently misread and misapplied the law. Furthermore, defendant Joy has consistently refused to take cognizance of any legitimate legal arguments. Additionally, on two separate occasions, defendant Joy refused reconsideration of plaintiff's temporary release/ work release application despite mitigating and hardship reasons and, violated the established laws governing this process. Thereby, depriving plaintiff of his constitutional rights , while inflicting physical and emotional distress. Moreover, defendant Joy refused to acknowledge the law as promulgated in title 7 of NYCRR which; relates to temporary release eligibility. Therefore, defendant Joy has deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the Constitution of the United States and, acted in a manner designed to inflict both physical and emotional distress upon plaintiff.

**CLAIM # 6.**

On or about the 11 day of February 2003, in Albany, New York; Central Office Reviewer **BARBARA KING**, in her individual and official capacity, while acting under the color of state law, deprived plaintiff of his right to due process and equal protection under the law. Defendant King, refused to discharge her duties of office under the law and, to authorize and issue plaintiff a VFO which; would deem plaintiff eligible for temporary release consideration. Instead defendant informed plaintiff that "There will be no further review of this case." Therefore, defendant King has deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the Constitution of the United States.

**CLAIM # 7.**

On or about the 11 day of February 2003, and extending the present, in Albany, New York; Central Office Reviewer **MICHAEL T. McHALE**, in his individual and official capacity, while acting under the color of state law, acted in a manner designed to inflict physical and emotional distress and, deprived plaintiff

of his right to due process and equal protection under the law. Defendant McHale, has intentionally misinterpreted and misapplied the law by refusing to issue a VFO and, by declaring plaintiff ineligible for temporary release consideration; refused to provide the legal basis for his decision and; has misrepresented and exaggerated the facts with respect to suitability for the program in an effort to justify the irrational and arbitrary decision of the temporary release committee. Furthermore, defendant McHale refuses to consider the professional positive recommendations of a Supreme Court Justice and, the forensic psychiatrist who prepared the pre-sentence investigation report in aid of sentence. Therefore, defendant McHale, deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the Constitution of the United States and acted in a manner designed to inflict physical and emotional distress upon plaintiff.

**CLAIM # 8.**

On or about the 23 day of January 2003, and extending to the present, in Marcy, New York; Senior Corrections Counselor and Temporary Release Committee Chairperson **ANNE BYERWALTERS** a.k.a. **ANNE JOSLYN**, in her individual and official capacity, while acting under the color of law, deprived plaintiff of his right to due process and equal protection under the law and, acted in a manner designed to inflict physical and emotional distress upon plaintiff. Defendant Byerwalters refused to accept and process plaintiff's temporary release application; declaring that plaintiff is ineligible under Executive Order 5.1. Defendant Byerwalters consistently refused to listen to reason, legal argument etc. In so doing, defendant Byerwalters behavior has been nothing short of a classic textbook case of misfeasance. This defendant does not acknowledge or recognize the authority of the established laws and has repeatedly violated plaintiff's rights with impunity. When presented with legal argument and statutory authority, defendant Byerwalters merely declares the matter "moot." Furthermore, defendant Byerwalters has refused to discharge the duties and obligations of her office as chairperson of the Temporary Release Committee i.e. refusing to determine the true nature of the crime and, by violating a panoply of statutory rights promulgated title 7 NYCRR which include but are not limited to evaluating new information at any point of the approval process and, professional opinion. Additionally, defendant refused to discharge her duties in accepting reconsideration of plaintiff's application on two separate occasions. Therefore, defendant Byerwalters, has deprived plaintiff of his rights to due process and equal protection under the law which are guaranteed by the Constitution of the United States and, acted in a manner designed to inflict physical and emotional distress upon plaintiff.

## V. RELIEF.

I, **MICHAEL KNEITEL**, the plaintiff in the above-titled action respectfully requests monetary damages (compensatory) for an amount yet to be determined. Additionally, I respectfully ask for punitive damages from each and every defendant so named, in the amount of twenty million ($20,000,000.00) dollars.

**SIGNED THIS 14 DAY OF DECEMBER 2004. I DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE.**

_____
**MICHAEL KNEITEL (02 A 6290)**


_____
**DATE OF BIRTH**


_____4854_____
**SOCIAL SECURITY NUMBER**